**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| Garvey Industries, Inc. and Subsidiaries; ) <br> Todd M. Connell, Jean K. Garvey, Shirley ) <br> F. Garvey, Ann L. Hunter, Margaret L. ) <br> Donlan, Edward M. Lincoln, and Ruth G. ) <br> Fink, as co-trustees of the Garvey, Inc. ) <br> Stockholders Liquidating Trust Agreement, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> ) <br> Defendant. ) | Case No. 04-1353-WEB |

MEMORANDUM AND ORDER

Now before the Court is the motion by Defendant to dismiss for lack of capacity.  This is a case of first impression.  The Court has jurisdiction over this case under 28 U.S.C. § 1346(a).

I.  UNDISPUTED FACTS

Plaintiffs and Defendant agree to the following facts.

1.  Garvey Inc. (Garvey) is the common parent of the Garvey, Inc. and Subsidiaries consolidated group for the tax year at issue.  (Def. Mot. to Dismiss at 2); (Pl. Mem. in Opp'n to United States' Mot. to Dismiss at 1); (Pl. Ex. A, B).

2.  Garvey is a Kansas corporation that was dissolved under Kansas law sometime prior to 1999. (Compl. ¶ ¶ 1, 2).

3. On February 11, 1998 Garvey, Inc. and Subsidiaries filed a refund claim with the Internal Revenue Service (IRS) in the amount of $139,762.33, plus interest for the 1993 tax year. (Compl. ¶¶ 5, 7, 8).

4. The IRS issued a Notice of Disallowance of the claim on or about November 15, 2002 and this refund suit was filed on November 12, 2004. (Compl. ¶ 9); (Pl. Ex. B).

## II.  STANDARD

"When a party desires to raise an issue as to the legal existence of any party or the capacity of any party sue or be sued...the party desiring to raise the issue shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." Fed. R. Civ. P. 9(a).  Defendant has directly raised the issue of capacity in this motion to dismiss and this complies with Rule 9(a)'s requirement for a specific negative averment. *Board of Education v. Illinois State Bd. of Education*, 810 F.2d 707, 710 n.4 (7th Cir. 1987); *Johnston v. Fancher*, 447 F. Supp. 509, 511 (W.D. Okla. 1977).  A motion to dismiss is appropriate when Plaintiffs can prove no set of facts in support of the claims entitling them to relief. *Roman v. Cessna Aircraft Co.*, 55 F.3d 542, 543 (10th Cir. 1995).

The state in which a corporation was organized governs the law determining capacity to sue. Fed. R. Civ. P. 17(b).  Garvey is a Kansas corporation; consequently, the Court will use Kansas law. (Compl. ¶ 1).  Kansas Statute § 17-6807 is titled "Continuation of corporation after dissolution for purposes of settling and closing business affairs" and it states:

> All corporations, whether they expire by their own limitation or are otherwise dissolved... shall be continued, nevertheless, for the term of three years from such expiration or dissolution or for such longer period as the district court in its discretion shall direct, bodies corporate for the purpose of

2

>prosecuting and defending suits, whether civil, criminal or administrative, by or against them, and of enabling them gradually to settle and close their business, to dispose of and convey their property, to discharge their liabilities and to distribute to their stockholders any remaining assets, but not for the purpose of continuing the business for which the corporation was organized. With respect to any *action, suit or proceeding begun by or against the corporation either prior to or within three years after the date of its expiration or dissolution, the action shall not abate by reason of the dissolution of the corporation; and the corporation shall, solely for the purpose of such action, suit or proceeding, be continued as a body corporate beyond the three-year period and until any judgments, orders or decrees thereon shall be executed*, without the necessity for any special direction to that effect.

Kan. Stat. Ann. § 17-6807 (emphasis added).

### III. CAPACITY OF GARVEY

Defendant argues that the refund claim with the IRS and this refund suit are not the same proceeding; consequently, Garvey no longer has capacity to sue because this lawsuit was filed more than three years after Garvey had dissolved. Plaintiffs argue that this lawsuit and the refund claim filed with the IRS are one tax refund proceeding; therefore, Garvey has capacity to continue this lawsuit because the IRS refund claim was initiated within three years of dissolution. The resolution of this issue depends on the interpretation of the word 'proceeding' in Kan. Stat. Ann. § 17-6807.

"Plain meaning controls statutory interpretation. In ascertaining the plain meaning of a statute, this court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *United States v. Williams*, 376 F.3d 1048, 1052 (10th Cir. 2004) (internal citations omitted).

The Kansas corporate survival statute, Kan. Stat. Ann. § 17-6807, uses the word 'proceeding' in a disjunctive manner. Id. Courts generally assign the word 'proceeding' a broad meaning when it is

3

used disjunctively. *In re Adoption of a Minor,* 136 F.2d 790, 792 (D.C. Cir. 1943); *Bahen & Wright, Inc. v. C.I.R.,* 176 F.2d 538, 539 (4th Cir. 1949). Hence, Kansas' statutory language urges a broad reading of this term.

The purpose behind the statute also supports such a broad reading. "The corporate survival statute, K.S.A. 17-6807, prevents the abatement of a dissolved corporation's right of suit and is therefore remedial in nature. As such, the survival statute should be liberally construed so that its purpose may be accomplished." *Mitchell v. Miller*, 8 P.3d 26, 30, 27 Kan. App. 2d 666, 671 (2000); *see International Pulp Equip. Co. v. St. Regis Kraft Co.,* 54 F. Supp. 745, 749 (D. Del. 1944). The purpose of the statute "is clearly to help a corporation 'wind up' its affairs and to gradually settle and close its business." *Mitchell,* 8 P.3d at 31. A broad reading of the Kansas statute would succor Plaintiffs' efforts to wind up its tax affairs. This refund suit is not an attempt to continue to operate Plaintiffs' business or to begin a distinct cause of action; rather, it is the next step to reclaim money Plaintiffs allegedly overpaid for tax years during their corporate existence.

The word proceeding "is a comprehensive term meaning the action of proceeding - a particular step or series of steps, adopted for accomplishing something." *Rice v. United States*, 356 F.2d 709, 712 (8th Cir. 1966) (quoting Webster's Third New International Dictionary). The administrative refund claim and this refund suit are connected by statute in a manner that fits within this definition. 26 U.S.C. § 6532(a)(1); 26 U.S.C. § 7422(a).

Section 7422(a) states, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously... assessed or collected...until a claim for refund or credit has been duly filed with the Secretary...". Id. Section 6532 prescribes the time frame in

4

which a refund suit may be filed.

> No suit or proceeding under 7422(a) for the recovery of any internal revenue tax, penalty, or other sum shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing...to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

The above Code provisions allow for relief in a district court only six months after a refund claim is first filed with the IRS. Id. Congress could have written the statute to provide a taxpayer with truly separate avenues of relief by allowing the taxpayer to file with the district court or the IRS at any time; instead, Congress chose to make one method of relief dependent on the other. *See Stephens v. United States,* 216 F. Supp. 854, 855 (D. C. Ark. 1963) (the purpose of the statute is to give the IRS a reasonable period in which to administratively appraise the claim before being required to litigate the matter in court). Therefore, it is appropriate to characterize the refund claim and this refund suit as different steps in the same tax refund proceeding.

The Court holds that a refund suit filed in district court is sufficiently related to a refund claim filed with the IRS so as to constitute one proceeding for purposes of Kan. Stat. Ann. § 17-6807. Garvey continues to have capacity to maintain this refund suit; consequently, Defendant's motion to dismiss, as it pertains to Garvey, is denied.

## IV. OTHER PLAINTIFFS

The parties agree that Garvey is the only proper party to file this refund suit. The Court concurs. The regulations state that "the common parent...for a consolidated return year is the sole agent (agent for

5

the group) that is authorized to act in its own name with respect to all matters relating to the tax liability for that consolidated return year." 26 C.F.R. § 1.1502-77; see 26 U.S.C. § 1502 (providing authority to the Secretary of the Treasury to prescribe regulations for consolidated returns). *see also United States v. Levy,* 533 F.2d 969, 972-973 (5th Cir. 1976) (The Secretary's regulations carry the force of law so long as they reflect the will of Congress as expressed through statutes).

Therefore, Garvey, as the common parent for the consolidated return group, is the only proper Plaintiff. (Pl. Mem. in Opp'n to United States' Mot. to Dismiss at 1, 2); (Pl. Ex. A, B). Defendant's motion to dismiss with respect to Todd M. Connell, Jean K. Garvey, Shirley F. Garvey, Ann L. Hunter, Margaret L. Donlan, Edward M. Lincoln, and Ruth G. Fink, as co-trustees of the Garvey, Inc. Stockholders Liquidating Trust Agreement is granted as they are not the common parent and cannot maintain a refund suit on behalf of the consolidated return group.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 9) be GRANTED in part and DENIED in part.

SO ORDERED this 7th day of December 2005.

s/ Wesley E. Brown

Wesley E. Brown, U.S. Senior District Judge